UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COWIN TECHNOLOGY CO., LTD.,<br><br>                        Petitioner,<br><br>         v.<br><br>AMAZON.COM SERVICES, LLC, a Delaware limited liability company; AMAZON.COM, INC, a Delaware corporation,<br><br>                      Respondents. | Case No. 1:23-cv-03054-ALC |

## RESPONDENTS' SUR-REPLY IN SUPPORT OF CROSS-MOTION TO CONFIRM ARBITRATION AWARD

DAVIS WRIGHT TREMAINE LLP

John M. Magliery
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: 212.603.6444
johnmagliery@dwt.com
       -and-
John A. Goldmark (*pro hac vice*)
Arthur Simpson (*pro hac vice*)
Theo Lesczynski (*pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: 206.622.3150
johngoldmark@dwt.com
arthursimpson@dwt.com
theolesczynski@dwt.com

*Attorneys for Respondents*
*Amazon.com Services LLC and Amazon.com, Inc.*

Respondents Amazon.com Services LLC and Amazon.com, Inc. (collectively "Amazon") submit this Sur-Reply in Opposition to Petitioner's Motion to Vacate and in Further Support of Cross-Petition to Confirm Arbitration Award against Petitioner Cowin Technology Co. Ltd. ("Cowin"). Because Cowin has failed to establish grounds for vacatur under federal law, the Court should confirm the Final Award.

## ARGUMENT

Cowin's reply brief inexplicably fails to address any of Amazon's arguments in support of confirmation and in opposition to vacatur. Cowin's filing is captioned as a "Memorandum of Law in Further Support of Motion to Vacate Arbitration Award and in Reply to Respondents' Cross Motion and Opposition Thereto." Dkt. 34. But nearly every sentence of Cowin's filing is lifted verbatim from its Memorandum of Law in Support of Petition to Vacate the Arbitration Award. *Compare* Dkt. 27 at 2–5, 8–15, 17, and 19–20 *with* Dkt. 34. Cowin's brief repeats its prior arguments, in large part literally word for word. Amazon previously responded to these arguments in its Memorandum of Law in Opposition to Motion to Vacate the Award and in Support of Cross-Motion to Confirm the Award, filed on October 25, 2023. *See* Dkt. 33 at 16-25.

In contrast, since Cowin's opposition is just a regurgitation of its opening brief, it fails to address any of Amazon's arguments. Arguments to which a litigant failed to respond are waived. *See, e.g.*, *Doe v. New York Univ.*, 1:20-CV-1343-MKV, 2023 WL 5293688, at *6 n.13 (S.D.N.Y. Aug. 17, 2023) ("this argument is waived because Plaintiff entirely failed to respond in its briefing to NYU's argument that it did not break any express or implied promises") (citations omitted). Cowin's waiver is fatal to its Petition for several reasons.

First, Cowin does not contest that federal law provides the legal standards for the motions to confirm and vacate the Final Award. *See* Dkt. 33 at 16–17. However, Cowin cites no federal authority that would provide a basis to vacate the Final Award. *See* Dkt. 34. Indeed, Cowin cites no federal authority at all, relying on New York state court citations that are both not precedent in this Court and also do not, in some cases, even concern the Federal Arbitration Act ("FAA"), which governs this dispute. *See* Dkts. 27, 34. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) ("Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances,'") (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)).

Second, Cowin does not dispute that in order to demonstrate that the Award was rendered "in manifest disregard of the law" under the FAA, it must show that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 2d Cir. 2004). Cowin repeats its contention that Section 2 of the BSA is not a valid liquidated damages provision. Dkt. 34 at 5–12. But critically, Cowin does not dispute that the Arbitrator applied Washington law regarding liquidated damages provisions when he found that Section 2 of the BSA permits Amazon to withhold an amount of funds that "is a reasonable forecast of the damage and appropriate compensation" in the event of a seller breach. *See* Dkt. 33 at 13–14, 20–22. Cowin recognizes that the Arbitrator was "fully briefed about this matter and acknowledged in the Final Award that [the] parties made [] arguments about regarding the reasonable forecast test." Dkt. 27 at 14; Dkt. 34 at 11. Because the Award "included an extended discussion of why the arbitrator concluded that [Section 2 of the BSA] was a valid and

enforceable liquidated damages clause, not an improper penalty clause," Cowin cannot "credibly argue" that the Award ignores relevant law, "nor that [the Award] failed to address its argument[s]." *US Rising Star Inc. v. Amazon.com Services*, 2023 WL 6882337, at *2. Cowin can point to no evidence the Arbitrator disregarded the law. The Court should reject Cowin's naked attempt to relitigate this issue.

Third, Cowin does not dispute that any public policy argument in support of vacatur must demonstrate that *enforcement* of the Award would violate *New York* public policy, which would be the only narrow ground on which the Court could vacate the award. *See* Dkt. 33 at 22–25. Under New York law, "[t]he public policy doctrine is an exception to implementing an otherwise applicable choice of law in which the forum refuses to apply a portion of foreign law because it is contrary or repugnant to its State's own public policy." *See Schultz v. Boy Scouts of Am., Inc.,* 65 N.Y.2d 189, 202 (1985); *see also New York State Corr. Officers & Police Benev. Ass'n, Inc. v. State,* 94 N.Y.2d 321, 327 (1999) (rejecting argument that New York courts would apply another state's law to evaluate alleged violation of public policy). Cowin addresses only Washington law.[1] *See* Dkt. 34 at 12–14. As Judge Woods explained in denying a substantially identical motion to vacate brought by Cowin's same counsel, Cowin's "argument is that the BSA—the contract—is unenforceable under Washington State law, not that enforcement of the award would violate public policy." *Shenzhen Lanteng Cyber Tech. Co. v. Amazon.com Servs., LLC*, 2023 WL 6276691, at *10 n.6 (rejecting public policy argument for vacatur). And Cowin does not dispute that the case on which it relies, *Shaffer v. Amazon Servs. (In re Potential*

---

[1] On reply, Cowin seems to additionally suggest that the Award is against public policy because Washington law prohibits award of punitive damages. *See* Dkt. 34 at 12–13 (citing Washington punitive damages cases). But the Arbitrator did not award punitive damages to Amazon. *See generally* Dkt. 32-1 (Award). To the extent that Cowin makes a new argument that the Arbitrator somehow awarded punitive damages to Amazon (which he did not), it is well established that "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).

3

*Dynamix LLC)*, No. 2:11-bk-28944-DPC (Bankr. D. Ariz. Feb. 15, 2021), concerns an entirely different clause in the BSA not relevant to liquidated damages and not at issue in this action. *See* Dkt. 33 at 20, 22. Thus, Cowin's public policy argument is meritless.

Fourth, Cowin does not dispute that it waived any argument as to the arbitration agreement's enforceability when it submitted its claims to arbitration and litigated them to conclusion. *See* Dkt. 33 at 25. "[A] party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result." *Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir. 1983).

For all of the reasons stated in Amazon's memorandum, Cowin's attempt to demonstrate manifest disregard of the law fails. *See* Dkt. 33 at 18–22. Cowin's public policy argument is likewise meritless. *Id.* at 22–25. And Cowin has failed to even respond to Amazon's arguments in opposition to vacatur and in support of confirmation. *See* Dkt. 34. Cowin's motion is meritless for all the reasons that three judges of this District recently explained denying substantially identical motions to vacate arbitration awards and granting Amazon's cross-motions to confirm in each case. *See Shenzhen Lanteng*, 2023 WL 6276691 at *11; *US Rising Star*, 2023 WL 6882337, at *4; *Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*, No. 23-cv-03334 (JLR) at Dkt. 36 (S.D.N.Y. Nov. 7, 2023).

Because Cowin fails to establish any ground for vacatur, the Court should grant Amazon's Cross-Motion and confirm the Arbitrator's well-reasoned Award.

## CONCLUSION

Amazon respectfully requests that the Court deny Cowin's Motion, grant Amazon's Cross-Motion, and confirm the Arbitrator's Award.

| | |
|---|---|
| Dated: New York, New York<br>November 8, 2023 | DAVIS WRIGHT TREMAINE LLP<br><br>By: _____<br>John M. Magliery<br>1251 Avenue of the Americas, 21st Floor<br>New York, New York 10020<br>Tel: 212.603.6444<br>johnmagliery@dwt.com<br><br>John A. Goldmark (*pro hac vice*)<br>Arthur Simpson (*pro hac vice*)<br>Theo Lesczynski (*pro hac vice*)<br>920 Fifth Avenue, Suite 3300<br>Seattle, Washington 98104<br>Tel: 206.622.3150<br>johngoldmark@dwt.com<br>arthursimpson@dwt.com<br>theolesczynski@dwt.com<br><br>*Attorneys for Respondents*<br>*Amazon.com Services LLC and Amazon.com, Inc.* |

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing memorandum of law complies with all formatting requirements of this Court and contains 1,316 words, including footnotes and headings but excluding the cover page, this certificate, the tables, and the signature blocks. I relied on the word count of the Microsoft Word computer program used to prepare this brief.

Dated: New York, New York
      November 8, 2023

_____
John M. Magliery