UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COWIN TECHNOLOGY CO., LTD.,

                          Petitioner,

         v.

AMAZON.COM SERVICES, LLC, a
Delaware limited liability company;
AMAZON.COM, INC, a Delaware corporation,

                          Respondents.

Case No. 1:23-cv-03054-ALC

**RESPONDENTS' CORRECTED MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO REMAND**

DAVIS WRIGHT TREMAINE LLP

John M. Magliery
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: 212.603.6444
johnmagliery@dwt.com

John A. Goldmark (*pro hac vice* forthcoming)
Arthur Simpson (*pro hac vice* forthcoming)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: 206. 622.3150
johngoldmark@dwt.com
arthursimpson@dwt.com

*Attorneys for Defendants*
*Amazon.com Services LLC and Amazon.com, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

I.     The Court Has Federal Question Jurisdiction Under the New York Convention and the FAA. ....................................................................................... 4

     A.     The Petition to Vacate Falls Under the New York Convention Because Cowin is a Foreign Company. ....................................................... 5

     B.     The Substantive Law and Procedural Rules Applied in the Arbitration Have No Effect on Whether This Action Falls Under the Convention. ............................................................................................ 6

     C.     Section 203 of the FAA Confers Subject Matter Jurisdiction Over the Petition to Vacate Because the Award Falls Under the New York Convention. ............................................................................................ 7

     D.     *Badgerow* Does Not Deprive the Court of Jurisdiction Under Chapter 2 of the FAA. ............................................................................... 8

II.     This Court Has Diversity Jurisdiction over the Petition to Vacate. ....................... 9

     A.     The Parties Are Completely Diverse. ...................................................... 10

     B.     The Petition's Face Establishes That the Amount in Dispute is Over $75,000. ............................................................................................ 10

     C.     The Amount in Controversy Is the Value of the Arbitration Award to Amazon as Prevailing Defendant. ....................................................... 13

CONCLUSION ........................................................................................................................ 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aperture Media Partners LLC v. Burmester, Duncker & Joly GmbH & Co. KG*,
   CV 21-4801, 2022 U.S. Dist. LEXIS 181029 (C.D. Cal. Sept. 30, 2022)...............................9

*Badgerow v. Walters*,
   142 S. Ct. 1310 (2022)...................................................................................... *passim*

*Beijing Shougang Mining Inv. Co. v. Mongolia*,
   11 F.4th 144 (2d Cir. 2021) ...............................................................................6, 7

*Billie v. Coverall N. Am., Inc.*,
   2023 WL 2712781 (D. Conn. Mar. 30, 2023) ...................................................12, 14

*Calderon v. Carmona*,
   2022 WL 2307674 (S.D.N.Y. June 27, 2022) ...................................................10, 11

*Calton & Assocs., Inc. v. Simmers*,
   2023 WL 204833 (M.D. Fla. Jan. 17, 2023)...........................................................15

*CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*,
   850 F.3d 58 (2d Cir. 2017).........................................................................5, 6, 7

*Conmed Corp. v. First Choice Prosthetic & Orthopedic Serv., Inc.*,
   2023 WL 157957 (N.D.N.Y. Jan. 11, 2023)...........................................................15

*Doctor's Assocs., Inc. v. Stuart*,
   11 F. Supp. 2d 221 (D. Conn. 1998)......................................................................14

*Erdheim v. Harris*,
   2019 WL 3219385 (S.D.N.Y. July 17, 2019) .........................................................14

*France v. Bernstein*,
   43 F.4th 367 (3d Cir. 2022) ...................................................................................13

*Gasery v. Kalakuta Sunrise, LLC*,
   422 F. Supp. 3d 807 (S.D.N.Y. 2019)....................................................................12

*Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*,
   213 F.3d 48 (2d Cir. 2000)....................................................................................10

*Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   757 F. Supp. 283 (S.D.N.Y. 1991) ...................................................................14, 15

*Legacy Agency, Inc.v. Scoffield,*
    559 F. Supp. 3d 195 (S.D.N.Y. 2021) ..................................................................14

*Makarova v. United States,*
    201 F.3d 110 (2d Cir. 2000) ..............................................................................10

*Mitchell v. Frattini,*
    2022 WL 17157027 (S.D.N.Y. Nov. 22, 2022) ...................................................13

*N. Am. Thought Combine, Inc. v. Kelly,*
    249 F. Supp. 2d 283 (S.D.N.Y. 2003) .................................................................14

*Ruzindana v. FCA US LLC,*
    2022 WL 16963991 (E.D. Mich. Nov. 16, 2022) ................................................15

*Sain v. TransCanada USA Servs., Inc.,*
    2023 WL 417476 (S.D. Tex. Jan. 25, 2023) .........................................................9

*Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.,*
    668 F.3d 60 (2d Cir. 2012) .......................................................................... *passim*

*Scherer v. Equitable Life Assurance Soc'y of U.S.,*
    347 F.3d 394 (2d Cir. 2003) ..............................................................................11

*Shenzhen Lanteng Cyber Tech. Co., Ltd. v. Amazon.com Services, LLC et. al,*
    No 1: 23-cv-00991-GHW (S.D.N.Y) .....................................................................4

*Sierra v. Bally Total Fitness Corp.,*
    2007 WL 1028937 (E.D.N.Y. Mar. 30, 2007) ....................................................14

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.,*
    198 F.3d 88 (2d Cir. 1999) ...............................................................................5, 6

*Sullivan v. Feldman,*
    2022 WL 17822451 (S.D. Tex. Dec. 20, 2022) ..................................................13

*Vaden v. Discover Bank,*
    556 U.S. 49 (2009) ...............................................................................................8

*Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.,*
    126 F.3d 15 (2d Cir. 1997) ...................................................................................6

**Federal Statutes**

9 U.S.C. ch. 1 ...............................................................................................................9

9 U.S.C. ch. 2 ..................................................................................................... *passim*

9 U.S.C. § 202 ......................................................................................................1, 5, 6

9 U.S.C. § 203 ................................................................................................................ *passim*

9 U.S.C. § 206 ........................................................................................................................5

28 U.S.C. § 1331 ....................................................................................................................1

28 U.S.C. § 1332 ................................................................................................... *passim*

28 U.S.C. § 1441(a) .............................................................................................................10

28 U.S.C. § 1446(c)(2) ...................................................................................................10, 11

**Other Authorities**

New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral
    Awards, Article I.............................................................................................................3

Respondents Amazon.com Services LLC and Amazon.com, Inc. ("Amazon") submit this Opposition to Petitioner Cowin Technology Co. Ltd.'s ("Cowin") Motion to Remand:

## PRELIMINARY STATEMENT

The Court should deny Cowin's misguided Motion to Remand because this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 203 and diversity jurisdiction under 28 U.S.C. § 1332. This case concerns Cowin's Petition to Vacate an arbitration award governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") because Cowin is a foreign corporation. Chapter 2 of the Federal Arbitration Act ("FAA") confers subject matter jurisdiction over actions to confirm or vacate arbitration awards governed by the New York Convention. 9 U.S.C. § 203; *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012).

The Court also has diversity jurisdiction. The parties are completely diverse.  And Cowin's Petition seeks an order from this Court vacating the arbitration award and further awarding Cowin over $4.96 million in monetary damages, plus $50,000 in attorneys' fees, and $40,000 in arbitration costs. *See* Dkt. 1-1 at 14. Thus, the alleged amount in controversy on the face of the Petition far exceeds $75,000, and the requirements for diversity jurisdiction are met.

Cowin's remand motion—a confused grab bag of irrelevant arguments and authority— provides no basis to avoid this Court's clear jurisdiction. First, Cowin argues that because Washington law governs the contract between the parties and the American Arbitration Association's ("AAA") procedural rules applied to the arbitration, the award is wholly domestic and the New York Convention does not apply. This argument ignores binding Second Circuit precedent, under which the New York Convention and 9 U.S.C. § 202 provide federal subject matter jurisdiction over any *vacatur* action if at least one party to the arbitration was not a United States citizen, as is undisputedly the case with Cowin. *See Scandinavian*, 668 F.3d at 71.

1

Second, Cowin's confusing argument that the Court may not "look through" its Petition to find a basis for federal jurisdiction is specious. There is no need to "look through" Cowin's Petition to the underlying arbitration award or proceedings because on its face the Petition establishes that (1) this is an international arbitration award entered in the United States; and (2) the amount in controversy exceeds $75,000—indeed Cowin expressly requests that this Court order Amazon to pay millions of dollars in damages.

The Court should deny Cowin's baseless Motion to Remand.

## FACTUAL BACKGROUND

Cowin is a Hong Kong corporation with its principal place of business in Hong Kong, China. Petition (Dkt. 1-1) at 4 ¶ 1. Respondent Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington. *Id.* ¶ 2. Respondent Amazon.com, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington. *Id.* Amazon owns and operates the Amazon online store. *Id.*

The parties' relationship is governed by the Business Solutions Agreement ("BSA"), pursuant to which Cowin operated as a third-party seller in Amazon's store. BSA (Dkt. 1-1) at 61. Under the BSA and its incorporated policies, third-party sellers in Amazon's store agree to refrain from any "deceptive, fraudulent, or illegal activity." *Id.* at 62 § 2. Third-party sellers specifically agree to refrain from "offering any third party a financial award, discount, free product, or other compensation in exchange for their review of the seller and its product." *See* Final Award (Dkt. 1-1) at 56 (discussing the Anti-Manipulation Policy for Customer Reviews).

On December 21, 2021, Cowin filed a Demand for Arbitration with the AAA seeking approximately $983,872.36 in funds Amazon declined to disburse to Cowin pursuant to the BSA after uncovering that Cowin was manipulating customer product reviews to artificially and deceptively inflate its sales in the Amazon store. Am. Arb. Demand (Dkt. 1-2) at 71. Cowin's

Demand nevertheless (1) claimed Amazon breached the BSA and the implied covenant of good faith; (2) sought a declaratory judgment that Section 2 of the BSA was unenforceable; (3) claimed Amazon tortiously converted Cowin's funds; and (4) claimed Amazon committed a "violation of bailment." *Id.* at 87-92.

On December 15, 2022, after nearly twelve months of proceedings, including document and deposition discovery and the submission of hearing briefs and accompanying evidence, the Arbitrator entered an Award denying all Cowin's claims in their entirety. *See* Final Award (Dkt. 1-1) at 59. The Arbitrator found that "[t]he facts establish that Claimant breached its obligations under the BSA Agreement, and the Amazon policies incorporated therein, and the procedures set up to address it were reasonable and enforceable." *Id.* The Arbitrator concluded that "Amazon had the factual basis necessary to exercise its contractual right to suspend and terminate Claimant and withhold certain funds in the account." *Id.* at 58. The Award was entered in New York, New York, pursuant to "Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards." *Id.* at 60.

On March 14, 2023, Cowin filed its Petition in the Supreme Court of the State of New York, County of New York, as Index No. 651309/2023 (the "State Action"). Petition (Dkt. 1-1) at 4. Cowin's asserted (and meritless) bases for seeking to overturn the Award are (1) alleged bias and prejudice by the Arbitrator against Cowin; (2) the Award "exceeds the Arbitrator's power;" (3) "manifest disregard for the law;" and (4) "irrational[ity]." *Id.* at 10-11. On April 12, 2023, Amazon removed to this Court, invoking the Court's federal question jurisdiction pursuant to the New York Convention and FAA and, in the alternative, diversity jurisdiction. Notice of Removal (Dkt. 1). On May 8, 2023, Cowin filed its Motion to Remand. (Dkt. 8).

Notably, Cowin's counsel previously sought to avoid this Court's jurisdiction in a substantially similar case involving another Chinese company's petition to vacate a nondomestic arbitration award. *See* Declaration of Arthur Simpson ("Simpson Decl.") Ex. A (petition to vacate in *Shenzhen Lanteng Cyber Tech. Co., Ltd. v. Amazon.com Services, LLC et. al*, No 1: 23-cv-00991-GHW (S.D.N.Y)). At the pre-motion conference in *Lanteng*, Judge Gregory H. Woods expressed deep concerns about the basis for seeking remand under nearly identical facts as here, and cautioned Cowin's counsel about her Rule 11 obligations.  Simpson Decl. Ex. B at 17:15-19:20. Cowin's counsel decided not to pursue remand in *Lanteng*, yet then sought remand here, making the same arguments that Judge Woods cautioned her lacked any legal merit.

## ARGUMENT

The Court should deny Cowin's Motion to Remand because it has federal question jurisdiction under the New York Convention and Chapter 2 of the FAA, 9 U.S.C. § 203, in addition to diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## I.     The Court Has Federal Question Jurisdiction Under the New York Convention and the FAA.

It is undisputed, and the Petition in fact alleges, that the arbitration award at issue involves an entity that is a Chinese citizen (i.e., Cowin), and thus the action falls under the New York Convention as defined by Chapter 2 of the FAA. 9 U.S.C. § 202. The Second Circuit's binding decision in *Scandinavian Reinsurance*, 668 F.3d at 71, controls in this case and makes clear that 9 U.S.C. § 203 confers federal question jurisdiction over Cowin's Petition. Despite this governing law, Cowin baselessly argues—without citing any authority—that the Award is domestic because Washington law governed the substantive claims in the arbitration and the AAA's rules governed its procedures. Cowin's scattershot of other arguments seek only to

confuse the issues, relying on inapplicable doctrines that have no bearing on the plain grounds

for federal question jurisdiction that Amazon asserts here.

    **A.**    **The Petition to Vacate Falls Under the New York Convention Because Cowin is a Foreign Company.**

The New York Convention applies to "arbitral awards *not considered as domestic* awards

in the State where their recognition and enforcement are sought." *CBF Indústria de Gusa S/A v.

AMCI Holdings, Inc.*, 850 F.3d 58, 70 (2d Cir. 2017) (quoting Convention, art. I(1)) (emphasis

added). An award falls under the New York Convention if "four basic requirements" are met:

> (1) there must be a written agreement; (2) it must provide for arbitration in the
> territory of a signatory of the convention; (3) the subject matter must be
> commercial; and (4) it cannot be entirely domestic in scope.

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92

(2d Cir. 1999) (citing Convention, art. II(1)-(2); 9 U.S.C. §§ 202, 206).

It is undisputed that the first three requirements are met. There is a written agreement to

arbitrate in the BSA. BSA (Dkt. 1-1) at 69-70 § 18. That agreement provides for arbitration in

the United States, a signatory to the New York Convention. *Id.* at 70, § 18; *Yusuf Ahmed

Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 21 (2d Cir. 1997). The BSA is a

commercial agreement because Cowin operated as a third-party seller in the Amazon store,

"offer[ing] certain products and services directly on the Amazon Sites." *See* BSA (Dkt. 1-1) at

76-77 (defining "Selling on Amazon Service").

The fourth requirement is also met, as established by governing Second Circuit law.

Because this arbitral award involves a party that is not a citizen of the United States, it is a

nondomestic arbitral award. Section 202 of the FAA, enacted to implement the Convention,

defines a "nondomestic" award as one that is either (1) "pronounced in accordance with foreign

law" or (2) "which involve parties *domiciled or having their principal place of business outside

*the enforcing jurisdiction.*" *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 159 and n.7 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2889 (2022) (citation omitted) (emphasis added). Here, the enforcing jurisdiction under the New York Convention is the United States. *See Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 21. Cowin is a Hong Kong company with its principal place of business in Hong Kong, China. Petition ¶ 1. Thus, it is both "domiciled and [has its] principal place of business outside the enforcing jurisdiction." *Beijing Shougang Mining*, 11 F.4th at 159; *Scandinavian Reinsurance*, 668 F.3d at 71 (arbitral award governed by the New York Convention under 9 U.S.C. § 202 where petitioner was a foreign corporation and enforcement was sought in the territory of the United States); 9 U.S.C. § 202. Thus, the *Smith/Enron* test's fourth prong is satisfied.

Cowin nevertheless argues that the Award is domestic because there are no "connections with a foreign legal framework," citing *Beijing Shougang Mining.* Pet. Mem. at 13. But the Second Circuit made clear in that case that an award has connections with a foreign legal framework—and is therefore nondomestic—if it is "pronounced in accordance with foreign law *or* . . . involve[s] parties domiciled or having their principal place of business outside the enforcing jurisdiction." *Beijing Shougang Mining*, 11 F.4th at 15 (citation omitted) (emphasis added). Cowin additionally argues that when federal jurisdiction regarding removal is doubtful, the action should be remanded. Pet. Mem. at 9-10. But Cowin fails to point to any basis to doubt that the Award is an international arbitration award because, as discussed above, the relevant jurisdictional facts are undisputed.

### B.     The Substantive Law and Procedural Rules Applied in the Arbitration Have No Effect on Whether This Action Falls Under the Convention.

Cowin next argues—incorrectly and without citing any authority—that the *substantive law* applied in the arbitration determines whether this action falls under the New York

Convention. Cowin contends this was not an international arbitration because "[t]he applicable substantive laws were the laws of the State of Washington" and "[t]here were no federal laws applied." Pet. Mem. at 8. Cowin further contends that the subject matter of the arbitration was "entirely domestic in scope" because the BSA concerned an agreement to sell products in the United States, and the parties agreed that the FAA and Washington law would apply to any disputes. *Id.* at 10. But the New York Convention and the FAA, not the BSA, define the type of arbitration for purposes of their application. As discussed above, this action falls under the New York Convention because, although "it was decided under the laws of the United States," it "involves … entities that are not U.S. citizens." *CBF Indústria de Gusa*, 850 F.3d at 73.

Cowin also argues—again, incorrectly and without citation to authority—that the *procedural rules* applied in an arbitration should determine whether an arbitration is domestic or international. Pet. Mem. at 7-8 ("The Cowin Arbitration is not an 'international arbitration' because, as previously stated, all the applicable rules … are domestic."). But Chapter 2 of the FAA, not the parties' choice of procedural rules in the arbitration, determines whether an arbitration falls under the New York Convention. *See supra* Section I.A.

### C.   Section 203 of the FAA Confers Subject Matter Jurisdiction Over the Petition to Vacate Because the Award Falls Under the New York Convention.

Given that the Petition is subject to the New York Convention, the Court has federal question jurisdiction over this action pursuant to Section 203 of the FAA. As the Second Circuit has explained, "There must be an independent basis of jurisdiction before a district court may entertain petitions to confirm or vacate an award under the FAA." *Scandinavian Co.*, 668 F.3d at 71 (internal quotation marks omitted). The Second Circuit held in *Scandinavian* that for petitions falling under the New York Convention, Section 203 of the FAA supplies the required independent basis for jurisdiction: a "district court ha[s] subject-matter jurisdiction under 9

7

U.S.C. § 203 … over actions to confirm or vacate an arbitral award that is governed by the Convention." *Id.*; *see also Vaden v. Discover Bank*, 556 U.S. 49, 59 n.9, (2009) ("Chapter 2 of the FAA … expressly grant[s] federal courts jurisdiction to hear actions … under the Convention."). Cowin does not dispute that Section 203 of the FAA confers subject matter jurisdiction over petitions to vacate arbitration awards that fall under the New York Convention. Because the Award falls under the Convention, this Court has jurisdiction over the Petition.

   **D.    *Badgerow* Does Not Deprive the Court of Jurisdiction Under Chapter 2 of the FAA.**

   Contrary to Cowin's assertions, Amazon does not ask the Court to "look through" Cowin's Petition to find jurisdiction, and therefore the Supreme Court's decision in *Badgerow* is not relevant. *See Badgerow v. Walters*,142 S. Ct. 1310, 1316 (2022). In *Badgerow*, the Supreme Court held that Chapter 1 of the FAA does not permit a district court to "look through" a petition to confirm or vacate arbitral awards to the "underlying substantive controversy" between the parties to identify an independent jurisdictional basis. *Id.* at 1314, 1316. Here, however, the face of the *Petition* (not the arbitral award) shows that the arbitration falls under the New York Convention, and therefore Chapter 2 of the FAA provides subject matter jurisdiction. Thus, the "independent jurisdictional basis" is apparent on the face of the Petition, and there is no reason to "look through" to the "underlying substantive controversy between the parties." *Id.* at 1314, 1316.

   Post-*Badgerow* district court decisions are in accord. *See, e.g., Aperture Media Partners LLC v. Burmester, Duncker & Joly GmbH & Co. KG*, 2022 U.S. Dist. LEXIS 181029, *8 n.5 (C.D. Cal. Sept. 30, 2022) (recognizing that 9 U.S.C. § 203 provides the "independent jurisdictional basis" required under *Badgerow*); *Sain v. TransCanada USA Servs., Inc.*, 2023 WL 417476, at *6 (S.D. Tex. Jan. 25, 2023) ("New York Convention cases are federal question

cases, unlike domestic FAA cases, for which a district court must find an independent basis to exercise jurisdiction."). Indeed, the only party suggesting that this Court should "look through" the Petition to the claims in the arbitration demand is Cowin, when it incorrectly argues that the Court should consider the substantive law in the arbitration demand and applied in the arbitration. *See* Pet. Mem. at 8, 10-11. The Court should reject this argument.

## II.    This Court Has Diversity Jurisdiction over the Petition to Vacate.

As a completely separate and independent ground, this Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(a). It is undisputed that the parties are diverse. Cowin pleads on the face of its Petition that it is entitled to nearly $5 million in damages, which alone establishes that the amount in controversy is satisfied. Further, because this action involves a petition to vacate an arbitration award in which a defendant has prevailed, the amount in controversy is equal to the amount demanded in the arbitration. Contrary to Cowin's argument, the Supreme Court's decision in *Badgerow* does not alter the usual rules for evaluating diversity jurisdiction, much less require district courts to ignore jurisdictional facts expressly pleaded in a party's petition for *vacatur*.

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). "District courts have power to decide diversity cases—suits between citizens of different States as to any matter valued at more than $75,000." *Badgerow*, 142 S. Ct. at 1316; 28 U.S.C. § 1332(a). A party asserting subject matter jurisdiction must establish by a preponderance of evidence that jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In removals based on diversity jurisdiction under 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the face of a petition to vacate an arbitration award "shows that the contending parties are citizens of different States

(with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction." *Badgerow*, 142 S. Ct. at 1316. That is precisely the case here.

### A.     The Parties Are Completely Diverse.

It is undisputed that complete diversity of citizenship exists between Cowin and Amazon. "A corporation is a citizen of both the State or foreign state where it is incorporated and of the State or foreign state where it has its principal state of business …." *Calderon v. Carmona*, 2022 WL 2307674, at *4 (S.D.N.Y. June 27, 2022). Cowin is a Hong Kong corporation with its principal place of business in Hong Kong, China. Petition (Dkt. 1-1) at 4 ¶ 1. Therefore, Cowin is a citizen of China.

"[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (citations omitted). Amazon.com Services LLC is a limited liability company organized under the laws of Delaware and having its principal place of business in the State of Washington. Petition (Dkt. 1-1) at 4 ¶ 2. The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation having its principal place of business in the State of Washington. Notice of Removal (Dkt. 1) at 4 ¶ 13. Amazon.com Sales, Inc., is wholly owned by Amazon.com, Inc., a Delaware corporation having its principal place of business in the State of Washington. *Id.*; Petition (Dkt. 1-1) at 4-5 ¶ 2. Thus, Amazon.com, Inc., is a citizen of both Delaware and Washington, and the parties are completely diverse. *See Calderon*, 2022 WL 2307674, at *4.

### B.     The Petition's Face Establishes That the Amount in Dispute is Over $75,000.

The amount in controversy requirement of 28 U.S.C. § 1332 is also met. Cowin's Petition pleads a request for relief that includes $4.96 million in damages, $50,000 in attorneys' fees, and $40,000 in arbitration costs. Although establishing the amount in controversy is the burden of the

party invoking jurisdiction, "[t]his burden is hardly onerous" because there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003); *see also* 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). Cowin's Petition pleads that Cowin is entitled to over $75,000 in relief based on its claim for *vacatur*, asking the Court to order "Amazon to release the entire sales proceeds… [of] $1,092,018.67" and "refund $3,960,000 . . . as compensation for losses for improper account blocking." Petition (Dkt. 1-1) at 14 ¶ 31. Having expressly asked this Court to order Amazon to pay nearly $5 million in damages, Cowin cannot now avoid the plain fact that the amount-in-controversy threshold is satisfied.

Second, Cowin alleges it is entitled attorneys' fees of $50,000 for the arbitration and $50,000 for the petition in addition to $40,000 in costs. *Id.* Under 28 U.S.C. § 1332, "attorney's fees can be counted towards satisfying the amount-in-controversy threshold." *Gasery v. Kalakuta Sunrise*, *LLC*, 422 F. Supp. 3d 807, 818 (S.D.N.Y. 2019) (quoting *Ryan v. Legends Hospitality*, *LLC*, 2012 WL 3834088, at *2 (S.D.N.Y. Aug. 1, 2012)). Thus, Cowin's demand for additional relief provides another basis for satisfying the amount in controversy.

Thus, in the application "actually submitted" to the Court—seeking nearly $5 million in damages and $100,000 in attorneys' fees—the amount at issue exceeds $75,000 and easily satisfies the amount in controversy. *See Badgerow*, 142 S. Ct. at 1314; *Billie v. Coverall N. Am., Inc.*, 2023 WL 2712781, at *1–2 (D. Conn. Mar. 30, 2023) (calculating amount in controversy based on relief requested in petition).

Third, Cowin's reliance on *Badgerow* to dispute *diversity jurisdiction* is misplaced. In *Badgerow*, the Supreme Court clarified how to evaluate *federal question* jurisdiction—not

diversity jurisdiction—over petitions to confirm arbitration awards. Indeed, the Supreme Court rejected arguments that its ruling would upset the "usual jurisdictional rules" for petitions to vacate, observing that "normal jurisdictional rules … most notably, relating to diversity jurisdiction," remain well within the federal judiciary's capacity. *Id.* at 1321. As the Supreme Court explained, federal courts are well-equipped to "confront[] … 'hard questions' about how to determine diversity jurisdiction (including its amount-in-controversy component) across a range of settings," including petitions to vacate or confirm arbitration awards. *Id.* at 1320.

Since *Badgerow*, multiple federal courts have recognized that the Supreme Court's ruling in that case did not impact the diversity jurisdiction analysis. As one court recently emphasized: "*Diversity jurisdiction was not at issue [in Badgerow]*; instead, the issue was whether the . . . court could 'look through' the motion to vacate to the 'underlying substantive controversy' to determine that a *federal question* existed." *Sullivan v. Feldman*, 2022 WL 17822451, at *8 (S.D. Tex. Dec. 20, 2022) (emphasis added). The Third Circuit similarly observed that *Badgerow* did not affect a district court's determination that diversity jurisdiction was proper over a petition to vacate an arbitration award. *France v. Bernstein*, 43 F.4th 367, 377 n.7 (3d Cir. 2022). Cowin's Petition to vacate establishes federal diversity of citizenship and the amount in controversy, and nothing in *Badgerow* upsets that well-settled basis for federal jurisdiction.

Cowin relies on *Mitchell v. Frattini*, 2022 WL 17157027 (S.D.N.Y. Nov. 22, 2022) to support its attempt to avoid federal court. But that case has no bearing here. There, a petitioner sought to vacate a $25,450 award the arbitrator entered against him—below the amount in controversy threshold—but also sought to assert new, additional claims for $121,240 against the respondent. *Id.* at *3. The court refused to include the petitioner's request for *additional* monetary damages unrelated to the award as part of the amount in controversy because the newly

asserted claims were procedurally improper. *Id.* As an aside, the court noted in dicta and without analysis that *Badgerow* did not permit courts to "look through" the award to the underlying arbitration. *Id.* The facts of this case are far different: the Court need not "look through" Cowin's petition to confirm the amount in controversy—it is plain on face of the Petition.

### C.   The Amount in Controversy Is the Value of the Arbitration Award to Amazon as Prevailing Defendant.

The Court need not look beyond the face of the Petition to find over $75,000 in controversy because Cowin specifically pleaded that the Award allowed Amazon to retain over $1 million and Cowin seeks monetary relief from the Court against Amazon exceeding $4.9 million. But courts in this district also properly recognize that the value of an arbitration award where a defendant has been found not liable for any damages constituted the amount for diversity jurisdiction purposes. *Legacy Agency, Inc. v. Scoffield*, 559 F. Supp. 3d 195, 204-05 (S.D.N.Y. 2021); *N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283, 285-86 (S.D.N.Y. 2003) ("the true value of the award in such cases should be measured by the value of the award" to the prevailing defendant); *Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283, 286 (S.D.N.Y.), *aff'd sub nom. Hough v. Merrill Lynch*, 946 F.2d 883 (2d Cir. 1991) ("In this action to vacate the arbitration award the amount in controversy may be regarded as either the value to plaintiff of the relief sought or the loss to defendant if the relief is granted."); *Sierra v. Bally Total Fitness Corp.*, 2007 WL 1028937, at *3 (E.D.N.Y. Mar. 30, 2007) (finding amount in controversy over $0 award was met under both demand and award approaches because plaintiff sought over $18 million in the arbitration); *Erdheim v. Harris*, 2019 WL 3219385 at *4 (S.D.N.Y. July 17, 2019) ("demand analysis allows a prevailing arbitration defendant to confirm a $0 award by treating the opposing claimant's demand—or the amount of liability the defendant avoided—as the amount in controversy. . . . [T]he true value of the award [is] the underlying

arbitration demand because this is the value to the defendant of prevailing in the arbitration.");
*Doctor's Assocs., Inc. v. Stuart*, 11 F. Supp. 2d 221 (D. Conn. 1998) (following demand approach).

Following *Badgerow*, courts have continued to evaluate the amount in controversy based on the value of the award to the prevailing defendant.[1] *See, e.g., Billie*, 2023 WL 2712781, at *1-2 (calculating amount in controversy to include arbitration award, attorneys' fees for the instant litigation, and the value of the declaratory relief in the arbitration award); *Ruzindana v. FCA US LLC*, 2022 WL 16963991, at *2 (E.D. Mich. Nov. 16, 2022) (finding diversity jurisdiction over action to vacate award where claimant failed to prove discrimination claims at arbitration); *Calton & Assocs., Inc. v. Simmers*, 2023 WL 204833, at *4 (M.D. Fla. Jan. 17, 2023) (finding amount in controversy satisfied where claimant's demand exceeded $1 million); *Conmed Corp.*, 2023 WL 157957, at *7 and n.10 (finding that the amount in controversy was satisfied under both the award and demand approaches).[2]

In contrast, Cowin does not accept the arbitrator's award as final and continues to seek to hold Amazon liable for nearly $5 million, plus other request for relief related to the arbitration award and Petition. Whether the Court construes the amount in controversy "as either the value to [Cowin] of the relief sought or the loss to [Amazon] if the relief is granted," the amount exceeds $1 million and thus satisfies the jurisdictional threshold. *See Hough*, 757 F. Supp. at 286. Nor has Cowin offered persuasive grounds to depart from the "normal jurisdictional

---

[1] To value a prevailing defendant's arbitration award as worth $0 "would effectively preclude any defendant who prevailed in an arbitration from petitioning a district court to confirm the award." *Sierra*, 2007 WL 1028937, at *3 (E.D.N.Y. Mar. 30, 2007) (quoting *Doctor's Associates*, 11 F.Supp.2d 221 at 224).
[2] Cowin also relies on *Conmed Corp. v. First Choice Prosthetic & Orthopedic Serv., Inc.,* 2023 WL 157957, at *7 (N.D.N.Y. Jan. 11, 2023), but that court ultimately found it unnecessary to decide whether *Badgerow* addressed diversity jurisdiction because the outcome under either approach established that jurisdiction was proper. *See id.*

rules . . . relating to diversity jurisdiction" for a defendant that prevailed at arbitration. *See Badgerow*, 142 S. Ct. at 1321. Therefore, the Court should reject Cowin's attempt to avoid federal jurisdiction over this action.

## CONCLUSION

For the above reasons and those set forth in the Notice of Removal, Amazon respectfully requests that the Court deny Cowin's Motion to Remand.

Dated:   New York, New Nork
         November 8, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____
        John M. Magliery

1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: 212.603.6444
johnmagliery@dwt.com

John A. Goldmark (*pro hac vice* forthcoming)
Arthur Simpson (*pro hac vice* forthcoming)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: 206.757 622.3150
johngoldmark@dwt.com
arthursimpson@dwt.com

*Attorneys for Defendants*
*Amazon.com Services LLC and Amazon.com, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing memorandum of law complies with all formatting requirements of this Court and contains 4,700 words, including footnotes and headings but excluding the cover page, this certificate, the tables, and the signature blocks.  I relied on the word count of the Microsoft Word computer program used to prepare this brief.

Dated: New York, New York
      November 8, 2023

_____
John M. Magliery