```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
COWIN TECHNOLOGY CO., LTD.,                    :
                                               :
                         Plaintiff,            :
                                               :          1:23-cv-03054 (ALC)
           -against-                           :
                                               :          **OPINION**
AMAZON.COM SERVICES, LLC, et al.,              :
                                               :
                         Defendants.           :
                                               :
                                               :
                                               :
                                               :
------------------------------------------------------------------ :
                                               :
                                               x
```

**ANDREW L. CARTER, JR., District Judge:**

Petitioner Cowin Technology Co., Ltd. ("Cowin") seeks to vacate an arbitration award entered on December 15, 2022 in favor of Respondents Amazon.com Services LLC and Amazon.com, Inc. (collectively, "Amazon"). ECF No. 1-1, Petition to Vacate ("Pet."). Petitioner operated as a third-party seller on Amazon.com. *Id.* Respondents cross-petition the Court to confirm the arbitration award. For the reasons stated herein, Petitioner's petition to vacate the arbitral award, ECF No. 26, is **DENIED**, and Respondents' cross-motion to confirm the award, ECF No. 31, is **GRANTED**.

## BACKGROUND

### I. Statement of Facts

Petitioner is a Hong Kong corporation and has its principal place of business in China. Pet. at 4, ¶ 2. Until November 14, 2021, Petitioner operated as a third-party seller on Amazon.com. *Id.* ¶¶ 1, 19. To operate as a third-party seller on Amazon, Petitioner agreed to be governed by Respondents' "Business Solutions Agreement" ("BSA"). ECF No. 32-3,

1

Declaration of John M. Magliery ("Magliery Decl."). Under the BSA, sellers are required to use their authorized names and ensure that information provided to Amazon "at all times remains accurate, complete, and valid." BSA § 2. Amazon "may at any time require [the seller] to provide any financial, business or personal information [Amazon] request[s] to verify [the seller's] identity." *Id.* § P-4. The BSA incorporates Amazon's Customer Product Reviews Policies which forbid sellers from offering "a third party a financial reward, discount, free products, or other compensation in exchange for a review on their product or their competitor's products." ECF No. 32-4, Magliery Decl. Ex. D at 1-2.

Amazon has the right to "suspend or terminate" the agreement and the third-party seller's Amazon account if it finds that the seller "(a) materially breached the Agreement and failed to cure within 7 days ...; (b) [the seller's] account has been, or [Amazon's] controls identify that it may be used for deceptive, fraudulent, or illegal activity; or (c) [the seller's] use of the Services has harmed, or [Amazon's] controls identify that it might harm other sellers, customers, or Amazon's legitimate interests." BSA § 3. Per § 2, Amazon "may in [its] sole discretion permanently withhold any payments" to a seller if it finds that the seller's account "has been used to engage in deceptive, fraudulent, or illegal activity (including the sale of counterfeit goods), or to repeatedly violate [Amazon's] Program Policies." *Id.* § 2.

The BSA contains a mandatory arbitration clause. The seller and Amazon consent that "any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or to [the seller's] use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court" and the American Arbitration Association (AAA) will conduct the arbitration. *Id.* § 18 (emphasis omitted). The BSA is governed by the laws of the State of Washington together with the Federal Arbitration Act and other applicable federal law. *Id.* at 14.

On January 13, 2021, Amazon blocked the Cowin seller account after it found that Cowin had "engaged in or benefitted from reviews abuse." ECF No. 32-1, Magliery Decl. Ex. A, Award of Arbitrator ("Award") at 2. Cowin had contacted customers who authored negative reviews and offered them bribes in exchange for deleting their reviews. *Id.* Amazon ultimately terminated the Cowin account on February 15, 2021. *Id.*

Cowin then shifted sales of Cowin-branded products to a Cosmonic seller account. *Id.* at 3. On June 24, 2021, Amazon suspended the Cosmonic account for engaging in the same reviews abuse conduct. *Id.* Amazon subjected Cowin to a virtual in-person identity verification interview ("IPI") to confirm the identity of the account holder/operator. *Id.* at 3; Magliery Decl. Ex. B at 7. The Cowin representative present failed the IPI for "lack of knowledge concerning basic information about [Cowin] and the Cosmonic Account [which] raised questions about the identity of the true account operator." Award at 3-4; ECF No. 32-2, Magliery Decl. Ex. B ("Amazon Arbitration Br.") at 7-8. Due to Cowin's failure to establish who owned or operated the seller account, Amazon withheld Cowin's funds totaling $976,103.19 (two weeks' worth of sales proceeds). Award at 2; Amazon Arbitration Br. at 12-13.

On or about December 16, 2021, Cowin filed with the AAA a Demand for Arbitration, captioned *Cowin Technology Co., Ltd.. v. Amazon.com Services LLC., et al.*, No. 01-21-0018-0880 ("the Arbitration"). ECF No. 32-5, Magliery Decl. Ex. E ("Notice"). Cowin sought release of its funds and reactivation of its account.

On May 13, 2022, the AAA appointed Howard Reiss as the parties' arbitrator ("Arbitrator Reiss" or "Arbitrator"). ECF No. 32-6, Magliery Decl. Ex. F. The Arbitration was conducted by written submissions.

In its submissions to the Court, Cowin argued that Section 2 of the BSA was unenforceable under Washington law because it was an unconscionable adhesion and had an unenforceable penalty clause. ECF No. 32-6, Magliery Decl. Ex. I ("Cowin's Arbitration Br."). Petitioner alleged Amazon's withholding of its funds breached the implied covenant of good faith and fair dealing under Washington law. *Id.* Respondents contended that Claimant failed to "satisfy its burden of proving the contract it agreed to (and accepted the benefits of) is unenforceable." Amazon's Arbitration Br. at 4.

On December 15, 2022, the Arbitrator issued his Award. Award. Arbitrator Reiss found that Amazon had shown that Cowin violated the BSA by engaging in review manipulation by bribing negative reviewers. *Id.* at 3. As such, "Amazon had the factual basis necessary to exercise its contractual right to suspend and terminate Claimant and withhold certain funds in the account." *Id.* at 4. The Arbitrator also found that Cowin's reviews abuse caused Amazon harm that was "very difficult, if not impossible, to quantify" because it "damage[d] customer goodwill, as well as Amazon's brand and reputation for trustworthiness and reliability." *Id.* at 4-5. "Under the circumstances, [the withheld funds are] a reasonable forecast of the damage and appropriate compensation." *Id.* The Arbitrator therefore denied all of Petitioner's claims. *Id.*

## II.     Procedural History

On March 13, 2023, Petitioner filed a petition to vacate the Award in New York County Supreme Court seeking vacatur under New York state law instead of the FAA. ECF No. 1-1. On April 12, 2023, Respondents removed the action to this Court based on federal question jurisdiction (28 U.S.C. § 1331, 9 U.S.C. § 203), and diversity jurisdiction (28 U.S.C. § 1332(a)(2). ECF No. 1 ¶¶ 4-9. Petitioner then moved to remand to state court on May 8, 2023,

4

ECF No. 8, and the Court denied the motion on September 13, 2023, ECF No. 25, finding that it diversity jurisdiction existed on the face of the petition.

On September 27, 2023, Petitioner filed an Amended Motion to Vacate Arbitration Award seeking vacatur under New York CPLR § 7511. ECF No. 26. Respondents filed a cross-motion to confirm the Award on October 25, 2023, ECF No. 31, and an opposition to Petitioner's motion, ECF No. 33. On October 31, 2023, Petitioner filed its reply in support of its motion to vacate and in opposition to Respondents' cross-motion. ECF No. 34. Respondents filed a reply in support of their cross-motion to confirm the Award on November 8, 2023. ECF No. 35. This matter is fully briefed.

## STANDARD OF REVIEW

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*. provides a "streamlined" process for parties seeking "a judicial decree confirming an award" and vacating an award. 9 U.S.C. § 9 (confirm); *id.* § 10 (vacate); *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, (2008). "To avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016).

Under the New York Convention, a court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. "Article V of the Convention specifies seven exclusive grounds upon which courts may refuse to recognize an award." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). As such, a party seeking

vacatur of the Award must show that one of the seven exclusive grounds applies. *Id.* The "burden is a heavy one, as 'the showing required to avoid summary confirmance is high.'" *Olin Holdings Ltd. v. State*, 73 F.4th 92, 108 (2d Cir. 2023) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). Pursuant to Article V of the Convention, a court may refuse to recognize an award where:

> (a) The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law . . .; or
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings . . .; or
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . .; or
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . .; or
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

Convention, Article V. A court may also decline to enforce the arbitral award where "recognition or enforcement of the award would be contrary to the public policy of the country in which enforcement or recognition is sought." *Yusuf Ahmed Alghanim*, 126 F.3d at 19.

Where an award was rendered within the United States or pursuant to United States law, the grounds available for vacatur under the FAA also apply. *Id.* at 21-23; *see also Zurich*, 811 at 588. Under the FAA, arbitral awards may be vacated in "very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (citation omitted). Under Section 10(a) of the FAA, the grounds for vacating an arbitration award are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

6

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

There also exists a "judicially-created ground" that permits vacatur when the arbitrator "exhibited a manifest disregard of law." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (quoting *Westerbeke Corp. v. Diahatsu Motor Co., Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002)). "The two part showing requires the court to consider, first, 'whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable,' and, second, whether the arbitrator knew about 'the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it.'" *Id.* (quoting *Westerbeke Corp.*, 304 F.3d at 209). Courts must give great deference to an arbitrator's decision. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 104 (internal quotation marks and citations omitted). Courts will not vacate an arbitration award if there is "'a simple error in law or a failure by the arbitrators to understand or apply it' but only when a party clearly demonstrates 'that the panel intentionally defied the law.'" *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011) (citation omitted).

Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an

7

order to confirm an arbitration award upon the timely application of a party." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Galway Dev. Corp.*, No. 19-CV-278 (PAE), 2019 WL 1567713, at *3 (S.D.N.Y. Apr. 10, 2019) (internal quotation marks and citations omitted). "Due to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter." *Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*, No. 23-CV-03334 (JLR), 2023 WL 7327140, at *5 (S.D.N.Y. Nov. 7, 2023) (citation omitted).

## DISCUSSION

Petitioner contends that the Court should vacate the Award because the award (1) was irrational, (2) the Arbitrator manifestly manifest disregarded the law by finding Section 2 of the BSA was enforceable, and (3) enforcement of Section 2 violated public policy. Respondents opposed Petitioner's arguments. Amazon asserts that Petitioner waived challenges to the enforceability of the arbitration agreement, and seeks confirmation of the Award.

### I. "Complete Irrationality"

Petitioner contends the Award must be vacated because it was "completely irrational" for Arbitrator Reiss to determine that Section 2 was enforceable. But "complete irrationality" is not a ground for vacatur under the FAA. *Porzig v. Dresdner, Kleinwort, Benson, North America LLC.*, 497 F.3d 133, 139 (2d Cir. 2007) (declining to "wander from the narrow [path] embodied in [the court's] own jurisprudence" by permitting vacatur on grounds of "complete irrationality"); *see also Shenzhen*, 2023 WL 7327140, at *6 (collecting cases). "Moreover, asserting that an award is 'irrational' is essentially the equivalent of asserting 'manifest disregard of the law.'" *Longyan Junkai Info. Tech. Co. v. Amazon.com Servs. LLC*, No. 23-CV-4869

8

(JGK), 2023 WL 8602839, at *5 (S.D.N.Y. Dec. 12, 2023) (citing *Elwell v. Raymond James Fin. Servs., Inc.*, No. 22-cv-10125, 2023 WL 5186275, at *3, *8 (S.D.N.Y. Aug. 10, 2023)). Therefore, the Court rejects this basis for vacating the Award.

## II.  Manifest Disregard of the Law

Petitioner next contends that the arbitrator manifestly disregarded the law in determining that Section 2 of the BSA was enforceable. "A litigant seeking to vacate an arbitration award based on an alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). Petitioner argues that Section 2 is an unenforceable penalty clause because it permits Amazon to withhold two weeks' worth of sales proceeds. Petitioner cites to *Watson v. Ingram* for its test to determine the enforceability of a liquidated damages clause: "First, the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm must be such that it is incapable or very difficult of ascertainment." 881 P.2d 247, 249 (Wash. 1994) (citations omitted).

Petitioner's argument fails for several reasons. Arbitrator Reiss in fact applied the *Watson v. Ingram* test. He found that Cowin's reviews abuse caused Amazon harm that was "very difficult, if not impossible, to quantify" because it "damage[d] customer goodwill, as well as Amazon's brand and reputation for trustworthiness and reliability." Award at 4-5. "Under the circumstances, that amount is a reasonable forecast of the damage and appropriate compensation." *Id.* As such, the Arbitrator rejected Petitioner's argument that Section 2 was unconscionable. Petitioner has not shown that the Arbitrator manifestly disregarded the law in

9

reaching his decision. "That Petitioner does not agree with the Arbitrator's assessment of the record (after citing the very case relied upon by Petitioner) is not a basis to vacate an arbitration award." *Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC*, No. 22-CV-10119 (JGLC), 2024 WL 36999, at *5 (S.D.N.Y. Jan. 3, 2024). The Arbitrator provided "a barely colorable justification for the outcome reached" and that is sufficient to dispose of Petitioner's argument. *D.H. Blair*, 462 F.3d at 104 (internal quotation marks and citations omitted). Other courts in this district have rejected the same challenge to Section 2 of the BSA. *See Shenzhen*, 2023 WL 7327140, at *5; *Longyan Junkai*, 2023 WL 8602839, at *5-6; *Jiakeshu Tech.*, 2024 WL 36999, at *4-5. Accordingly, the Court rejects Petitioner's argument.

### III. Violation of Public Policy

Finally, Petitioner contends that vacatur is appropriate because Section 2 of the BSA is an unenforceable penalty, and its enforcement would violate Washington state's public policy. Amazon contends the Court must determine whether enforcement of Section 2 would violate New York's public policy.

"A federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 497 (1941)). Under New York law, "[a] choice-of-law provision will be enforced absent a violation of New York public policy, not that of another state." *Cap Gemini Ernst & Young U.S. LLC v. Nackel*, 2004 WL 569554, at *5 (S.D.N.Y. Mar. 23, 2004). The "public policy exception [of Article V(2)(B) of the Convention] is to be construed very narrowly and should be applied only where enforcement would violate our most basic notions of morality and justice." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998).

In this case, in the BSA the parties agreed to be bound by Washington state law. BSA at 14. Petitioner has not challenged the choice-of-law provision. The Court finds that that the choice-of-law provision does not violate New York's "most basic notions of morality and justice." *Europcar Italia*, 156 F.3d at 315. Therefore, as the Arbitrator did, this Court will apply the choice-of-law provision and must decide whether the BSA violates Washington's public policy. The Arbitrator found that the BSA did not violate public policy. Cowin insists the Court should apply the analysis of an out-of-circuit bankruptcy decision applying a Washington six-factor test to determine if a contract is invalid for violation of public policy. *Shaffer v. Amazon Services LLC*, No. 2:11-bk-28944, 2021 BL 53008 (Bankr. D. Ariz. Feb. 15, 2021). However, *Shaffer* addresses whether Section 8 of the BSA violates public policy, not Section 2. The Court rejects Petitioner's argument that the *Shaffer* analysis of a separate section of the BSA applies to Section 2. In addition, because "Petitioner failed to raise this issue in the arbitration, the Court cannot address this issue." *Jiakeshu Tech.*, 2024 WL 36999, at *5 (citing *Europcar Italia*, 156 F.3d at 315). The Arbitrator provided a "colorable justification" for determining that Section 2 is "neither an unenforceable penalty nor substantively or procedurally unconscionable." *Shenzhen*, 2023 WL 7327140, at *7. Petitioner has not met its burden to show that public policy mandates vacatur of the Award.

      Cowin also appears to challenge the enforceability of the mandatory arbitration clause in the BSA (Section 18) because it violates public policy. But Petitioner cannot have it both ways – it signed the BSA and submitted its claims to arbitration. "[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration." *Opals on Ice Lingerie v. Bodylines, Inc.*, 320 F.3d 362, 368 (2d Cir. 2003). Petitioner's participation in

arbitration demonstrates it waived its challenge to Section 18. As the *Shenzhen* court found, "Petitioner failed to raise any objection to arbitrability or the enforcement of Section 18 before the Arbitrator" and it "cannot now complain about the enforceability of the arbitration clause pursuant to which it filed its claim with the AAA[.]" 2023 WL 7327140, at *7.

### IV.     Cross-Motion to Confirm

Amazon seeks confirmation of the Award. Under the Convention, a court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. The "burden is a heavy one, as 'the showing required to avoid summary confirmance is high.'" *Olin Holdings*, 73 F.4th at 108 (citation omitted).

Petitioner has not demonstrated that one of the seven exclusive grounds of Article V applies. There is no basis to vacate the Award. Denying a motion to vacate the Award requires granting a cross-motion to confirm. "Courts in the Southern District have held that 'upon the denial of a motion for vacatur, the Court must confirm an arbitration award.'" *Spliethoff Transp. B.V. v. Phyto-Charter Inc.*, No. 20-CV-3283 (JPO), 2023 WL 6066247, at *3 (S.D.N.Y. Sept. 18, 2023) (quoting *Beljakovic v. Melohn Properties, Inc.*, No. 04 CIV. 3694, 2012 WL 5429438, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 542 F. App'x 72 (2d Cir. 2013) (citation omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant [an order seeking confirmation] unless the award is vacated, modified, or corrected.").Accordingly, Amazon's cross-motion to confirm the Award is **GRANTED**.

## CONCLUSION

For the reasons provided above, Petitioner's petition to vacate the arbitral award, ECF No. 26, is **DENIED**, and Respondents' cross-motion to confirm the award, ECF No. 31, is **GRANTED**. The Clerk is directed to enter judgment confirming the Award.

**SO ORDERED.**

**Dated: March 12, 2024**
      **New York, New York**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**